## PEOPLE v. MAINE.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. CRIMINAL LAW—INCOMPETENT EVIDENCE—OTHER EVIDENCE SUFFICIENT—APPEAL.

Where, on prosecution for manslaughter, incompetent evidence was introduced to show defendant's intent, but the whole evidence, with such incompetent evidence eliminated, was such that the jury could not reasonably have reached a verdict other than that found, the judgment will not be disturbed on appeal.

2. HOMICIDE—INDICTMENT.

An indictment accused defendant of the crime of manslaughter, and alleged that defendant, with force and arms, feloniously, willfully, and unlawfully did assault one M. with a sharp knife, the same being a dangerous weapon, and did strike, cut, stab, and wound M., and did inflict a mortal wound, of which the said M. died; but did not state the assault to have been committed without design to effect death, or in the heat of passion. *Held*, that as Pen. Code, § 188, defines manslaughter as homicide other than murder, and not justifiable or excusable, and as the facts stated were insufficient to show murder, but did allege a homicide under circumstances precluding either justification or excuse, the indictment charged manslaughter.

Appeal from Chemung county court.

Patrick H. Maine was convicted of manslaughter in the second degree, and he appeals. Affirmed.

Appeal from the county court of Chemung county from an order denying a new trial and an order denying defendant's motion in arrest of judgment. The conviction was of the crime of manslaughter in the second degree. The indictment accused the defendant of the crime of "manslaughter in the first degree," and so named the offense in the indictment. The indictment then alleged the facts as follows: "With force and arms feloniously, willfully, and unlawfully did assault one James Murphy with a sharp knife, the same being a dangerous weapon, * * * and the said James Murphy did strike, cut, stab, and wound, * * * and did inflict a mortal wound, of which * * * the said James Murphy did * * * die." The indictment was not demurred to, and the plea was, "Not guilty."

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Reynolds, Stanchfield & Collin (Richard H. Thurston, of counsel), for appellant.

Franklin H. Aldridge, Dist. Atty., for the People.

KELLOGG, J. The motion for a new trial in the county court brings up for review exceptions and alleged errors committed upon the trial to the prejudice of defendant, and the motion in arrest of judgment, by section 331 of the Code of Criminal Procedure, authorized the inquiry as to the indictment, "Do the facts therein stated constitute a crime?" Not, in this case, the crime named, "manslaughter in the first degree," but any crime? I do not see in the record before this court any error committed upon the trial subject to serious criticism, except in the admission of testimony of witness Knipp as to what was said by John Maine, not apparently in the hearing of defendant, "Come down to the corner under the light, and I will give you all you want, or what you want." This seems to have been said

to Frank Bower, and to John Murphy, who was killed, and bears upon the intent in the minds of these three persons in getting together, but not upon the intent of defendant, nor upon his knowledge of the intent of the others in their assembling. If the testimony in the case left the question of intent on the part of defendant anyway in doubt, or the situation disclosed to defendant after he arrived upon the scene in any doubt; or if the testimony, leaving out this statement, did not, beyond all doubt, abundantly show the defendant guilty of a crime of a grade not less than manslaughter,—I think it would be the duty of the court, for this error, to grant a new trial. But, as the evidence stands, this piece of evidence becomes immaterial. With this testimony out, no other conclusion on the part of the jury was possible, and it cannot be claimed that this in any degree influenced them.

The other question, "Do the facts stated in the indictment constitute a crime?" must be, I think, answered in the affirmative. If this indictment had not characterized the crime described by the stated facts as "manslaughter," and had used the words with "malice aforethought," "malice prepense," or "premeditated design," it would have been a sufficient statement of facts and intent to charge murder in the first degree. Fitzgerrold v. People, 37 N. Y. 413; People v. Conroy, 97 N. Y. 62. The absence of apt words characterizing the acts to have been done with "malice aforethought," and the declaration that the crime intended to be charged is "manslaughter," is a sufficient declaration that the homicide was accomplished without design to effect death. Here a homicide is charged, and charged to have been committed under circumstances which preclude the idea of its being either justifiable or excusable, and the stated facts are insufficient to make it murder in either the first or second degree, and that seems to be the exact definition of "manslaughter." Pen. Code, § 188: "In a case other than one of those specified in sections 183, 184 and 185 [murder in 1st and 2nd degree], homicide, not being justifiable or excusable, is manslaughter."

The omission to declare in the indictment the ameliorating features which reduce homicide to the grade of manslaughter by stating it to have been produced "without design to effect death," or "in the heat of passion," will not vitiate the indictment when the homicide is charged as a crime committed under circumstances which preclude the idea of its being justifiable or excusable. The whole function of a proper indictment is seen to be present when it complies with the requirement of section 284 of the Code of Criminal Procedure, when "the act or omission charged or the crime is plainly and concisely set forth"; when "the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." The judgment and conviction should be affirmed, and the case remanded to the county court for further action.

Judgment of conviction affirmed. All concur.